Sam. Milligan, Special J.,
delivered the opinion of tlie Court.
The original bill in this case, was brought by complainants to enforce their equitable lien for unpaid purchase money, on a tract of land, which they had theretofore sold to the defendant, Corruth. Judgment pro cortfesso was taken against the defendants, and a decree pronounced, ordering the sale of the land, on a credit of twelve months, in bar of the right of redemption.
The Master proceeded, under the decree, to advertise, and on the 30th of July, 1859, struck off and sold the land to James McKamey and Jesse H. Gaut, for the sum of $81.00. On the second of August, following, the sale was confirmed, and the title vested in the purchasers. On the 20th of January, the complainants filed their petition, alleging, among other things, that their debt is about $350.00, and that the defendant, Corruth, is insolvent, and that they desired to bid the full amount of their debt on the land, and would have attended the sale, had not their solicitor informed them that it would bo sold at a time when he could be present to bid it off, or otherwise, would get Mr. Alexander, the Clerk & Master, to put the amount of their debt and cost upon it; and praying that the sale might be set aside, and the biddings opened.
The purchasers are made parties, who appear, and demur.
*196 The Chancellor overrules the demurrer, and grants leave to answer. They do answer, and deny all fraud and collusion with any one in the purchase of the land, and insist on their rights acquired under the sale.
Proof is taken, and it fails to establish any fraud or unfair dealing on the part of the purchasers.
The Chancellor, under this state of facts, set aside the sale, opened the' biddings, and directed that the Master, on the re-sale, should receive no bid, less than complainant's debt and cost, from which the purchasers, McKamey and Cant appealed to this Court. •
The decree of the Chancellor must be reversed, and the sale of the 30th of July, confirmed. Before confirmation, the biddings will be opened on slight grounds. Advance on the price bid, alone, is sufficient. But after the report is confirmed, and the title vested, advance of price alone is not sufficient. There must be something else, some particular principle arising out of the character of the purchase, as connected with the ownership of the estate, or some trust or confidence, misconduct or fraud on his part. In all such cases, it is the duty of the Chancellor to open the biddings, even after confirmation.
But this case does not fall within the rule. The purchasers acted fairly, openly, and without any previous connection with the estate, or knowledge of the amount of complainant’s debt; and, however hard this case may operate on the complainants, we are satisfied that too great laxity in tbe binding nature of contracts in the Master’s office, would result in greatly depreciating the value of estates sold, upon the mere speculation *197 shat there would be an opportunity of purchasing them afterwards, by opening the biddings.
The decree must be reversed, and a decree entered here accordingly.